NO. 07-08-0272-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2009
______________________________

MICHAEL R. KRATZER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418623; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Michael Kratzer, appeals his conviction for the offense of driving while
intoxicated, third offense or more, and sentence of 40 years confinement in the Texas
Department of Criminal Justice, Institutional Division. We affirm.
Factual and Procedural Background
          On June 22, 2007, at around 1:30 a.m., Lubbock Police Department Officer Neinast
observed appellant driving a vehicle in excess of the posted speed limit. Neinast pursued
the vehicle for the purpose of executing a traffic stop. While in pursuit, Neinast observed
appellant’s vehicle weaving over lane markers several times. When Neinast caught up to
appellant and executed the stop, appellant stopped his vehicle in the middle of the street,
rather than pulling to the side of the road. Neinast then approached appellant’s vehicle
and observed appellant moving very slowly and having a “real difficult” time pulling out his
wallet. Neinast also noted that appellant’s speech was slurred and that a strong smell of
alcohol was emanating from appellant. Neinast instructed appellant to step out of the
vehicle and, when appellant complied, Neinast observed appellant stumble and have to
catch himself on the side of his vehicle. Neinast then performed three field sobriety tests
on appellant. Appellant failed each of these tests. Neinast determined that appellant was
intoxicated and placed him under arrest.
          Once appellant was placed under arrest, Neinast put him in the front seat of
Neinast’s patrol car and turned the in-dash camera around to face the appellant. Neinast
focused the camera on appellant’s lap to record paperwork that Neinast placed in
appellant’s lap. Neinast then read appellant the statutory warnings enumerated in Texas
Code of Criminal Procedure article 38.22, section 2(a).


 Neinast asked appellant if he
understood his statutory warnings. Appellant did not respond verbally, but nodded his
head in agreement. Neinast then asked appellant if he wanted to answer Neinast’s
questions. Again, appellant did not respond verbally, but Neinast indicated that appellant
did nod his head in agreement. As a result of questions asked by Neinast, appellant stated
that he had (1) been drinking Budweiser, (2) consumed five beers, and (3) consumed his
last beer at 11:30 p.m. 
          Appellant was indicted for the offense of driving while intoxicated. The indictment
alleged that appellant had been previously convicted of nine prior driving while intoxicated
offenses and two other felonies. Before trial, appellant filed a motion to suppress the audio
portions of the recording during which he made the statements identified in the previous
paragraph. Appellant contended that, because he did not verbally waive his rights before
making the statements, the statements were inadmissible under Texas Code of Criminal
Procedure article 38.22, section 3(a). The trial court viewed the recording and then heard
Neinast’s testimony before overruling appellant’s motion. At the close of the trial, the jury
found appellant guilty of the offense of driving while intoxicated. At the punishment
hearing, the trial court found the enhancement paragraphs to be true and sentenced
appellant to 40 years incarceration.
          By one issue, appellant contends that the trial court erred in denying appellant’s
motion to suppress the audio portions of the video recording because appellant did not
knowingly and voluntarily waive his rights and the requirements of article 38.22 of the
Texas Code of Criminal Procedure were not satisfied.
Law and Analysis
          Appellant’s contention on appeal is that, under Texas Code of Criminal Procedure
article 38.22, section 3(a), appellant’s statements recorded on the video recording are
inadmissible because appellant did not audibly waive his rights before making the
statements. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a) (Vernon 2005). Further,
appellant’s issue relates solely to the denial of his motion to suppress.
          In reviewing a trial court’s ruling on a motion to suppress, the reviewing court must
view the evidence in the light most favorable to the ruling. See State v. Kelly, 204 S.W.3d
808, 818-19 (Tex.Crim.App. 2006). When no findings of fact are entered by the trial court,
we are to imply the findings necessary to support the trial court’s ruling so long as those
implied findings are supported by the evidence when that evidence is viewed in the light
most favorable to the ruling. Id. at 819. The trial court’s suppression ruling should be
upheld if it is supported by the record and is correct under any theory of law applicable to
the case. See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). At a
suppression hearing, the trial court is the sole judge of the credibility of witnesses and of
the weight to be given to their testimony. Cantu v. State, 817 S.W.2d 74, 77
(Tex.Crim.App. 1991). The trial court may believe or disbelieve all or any part of a
witness’s testimony and, absent an abuse of discretion, we will not disturb its findings on
appeal. Id. 
          Section 3(a) of article 38.22 of the Texas Code of Criminal Procedure states that an
oral confession of an accused that was made as a result of custodial interrogation is not
admissible unless the accused was first given the statutory warnings and knowingly,
intelligently, and voluntarily waived the rights identified in those warnings. See Tex. Code
Crim. Proc. Ann. art. 38.22, § 3(a). 
          In the present case, Neinast testified that he read appellant the statutory warnings
and that appellant acknowledged his understanding of these warnings by nodding his
head. Neinast also testified that, after acknowledging his understanding of the warnings,
appellant again nodded in agreement when asked if he wanted to answer Neinast’s
questions. By its ruling, the trial court necessarily found that appellant’s nonverbal nodding
was intended to indicate that appellant wanted to waive his rights. See Kelly, 204 S.W.3d
at 819. As the record supports this implied finding, which is dependent on the trial court’s
determination of the credibility of Neinast’s testimony, we must determine whether the law
allows a nonverbal waiver of the statutory rights contained within the statutory warnings. 
See St. George, 237 S.W.3d at 725.
          The same contention made by appellant in the present appeal was presented in
Barefield v. State, 784 S.W.2d 38, 40-41 (Tex.Crim.App. 1989). In Barefield, the appellant
contended that his videotaped confession was inadmissible because he was not
specifically asked, nor did he specifically volunteer, whether he wanted to waive his rights. 
Id. at 40. The Court of Criminal Appeals affirmed the trial court’s admission of this
evidence at trial and held that, “We do not, however, interpret the oral confession statute
to require an express verbal statement from an accused that he waives his rights prior to
giving the statement.” Id. at 40-41. Rather, the reviewing court is directed to look at the
totality of the circumstances to determine whether a confession was given voluntarily. Id.
at 41. In its analysis, the Court indicated that the trial court’s finding that the confession
was made after the appellant knowingly, intelligently, and voluntarily waived his rights was
supported by the record and that there was no evidence that the confession was the
product of promises or coercion. Id. Therefore, the Court concluded that the statements
were admissible under Texas Code of Criminal Procedure article 38.22, section 3, and the
trial court did not abuse its discretion in admitting the evidence. Id.
          In the present case, as in Barefield, the record supports the trial court’s implied
finding that appellant indicated his desire to waive his rights by nodding his head, that this
waiver was knowing, intelligent, and voluntary, and that there was no evidence that
appellant was promised anything or in any way coerced into making the statements that
he sought to suppress. Thus, we conclude that the trial court did not abuse its discretion
in denying appellant’s motion to suppress and overrule appellant’s issue.
Conclusion
          Having overruled appellant’s sole issue, we affirm the judgment of the trial court.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.